IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUACHKUOTH WIYUAL THOK,<br><br>Petitioner,<br><br>vs.<br><br>PETER BERG, Minnesota Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; WILLIAM P. BARR, Attorney General, United States; CHAD WOLF, Secretary, Department of Homeland Security; TIMOTHY DUNNING, Sheriff of Douglas County, Nebraska; and ERIC OUELLETTE, Deputy Director, U.S. Immigration & Customs Enforcement;<br><br>Respondents. | 8:20CV478<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the petitioner's writ of habeas corpus, Filing No. 1. Petitioner is currently detained by the United States Immigration and Customs Enforcement (ICE). He has been so detained for over 18 months. Petitioner was admitted in 2009 as a refugee from Sudan. He became a lawful resident on October 15, 2012. He has lived in the United States for most of his life. His entire family is in the United States. His father was killed in South Sudan after fighting in the war. Petitioner was arrested for and convicted of an aggravated felony in the United States. He has been in jail over four years and has completed his jail term. He has been in ICE custody since

1

June of 2019. Petitioner alleges violation of the Due Process Clause of the Fifth Amendment and violation of the Eighth Amendment to the United States Constitution.

The immigration judge granted petitioner's application for cancellation of deportation under the Convention against torture. Both parties appealed the ruling. The Immigration Appeals Council has not at this time issued an order in this case. No bond has been set and no hearing conducted to determine if petitioner poses a danger or flight risk warranting his continued detention pending those proceedings. Petitioner's time in detention, he argues, violates the Due Process Clause of the Fifth Amendment, the Eighth Amendment's Excessive Gail Clause, and 8 U.S.C. § 1231. Petitioner has not had a bond hearing since becoming under the jurisdiction of ICE.

The immigration judge found Thok was ineligible for asylum because he had been convicted of an aggravated felony. Filing No. 12-1, Kresser Decl. ¶ 39 & Ex. H, Decision pp. 7-10. The immigration judge denied Thok's application for withholding of removal. (Id. Kresser Decl. ¶ 39 & Ex. H, Decision pp. 10-12). The immigration judge denied Thok's application for deferral of removal to Sudan but granted Thok's application for deferral of removal to South Sudan. Both the petitioner and responder have appealed all of these rulings.

The Court first determines that it has jurisdiction in this case. *Demore v. Kim*, 538 U.S. 510, 516-17 (2003). Jurisdiction is proper under 28 U.S.C. §§ 1331 and 2241 and the Suspension Clause, U.S. Const. and 5 U.S.C. § 702. Detention that lasts longer than 6 months has been held to be presumptively unreasonable, in other types of immigration detainee cases. *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001); *see Jennings v. Rodriguez*, 138 S.Ct. 830, 839-41 (2018) (holding that 8 U.S.C. §§ 1226(e), 1252(b)(9) do not bar review of challenges to immigration detention). Further, the government may

2

not indefinitely detain an alien where there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 643.

Petitioner argues that detaining a person past the six month time periods violates 8 U.S.C. § 1231(a)(6). Aliens are entitled to due process of law in deportation proceedings. *Demore*, 538 U.S. at 523. "'It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings.'" *Demore*, 538 U.S. at 523 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also id.* at 718 (Kennedy, J., dissenting) ("Liberty under the Due Process Clause includes protection against unlawful or arbitrary personal restraint or detention.").

There are two statutes at play in this regard, 8 U.S.C. § 1226 which is the pre-final-order detention and the second is 8 U.S.C. § 1231 which governs detentions of aliens who are ordered removed. Petitioner says he is governed by § 1231. The government disagrees, contending that the removal period has not yet commenced. This is due to the fact that a pre-final-order of detention has not been is not in place yet. Therefore, petitioner, argues the government is subject to § 1226 and not § 1231. Under § 1226 the government argues that Congress has determined that aliens with certain serious crimes may not be released during removal proceedings. *See* Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, Div. C, § 303(b), 110 Stat. 3009-546 (Sept. 30, 1996). Congress enacted Section 1226(c) "justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers." *Demore v. Kim*, 538 U.S. at 513.

3

The government contends that ICE cannot release petitioner on bond, as he has an aggravated felony.[1] See 8 U.S.C. § 1226(c). The petitioner disagrees with this argument, contending that counsel has asked for bond and been denied. Further, it is argued, ICE has no mechanism to review bond. The immigration judge says he has no jurisdiction to set a bond, as he was an aggravated felon. The government argues that petitioner's counsel indicates that an immigration appeal's decision is eminent. However, that has not happened as of this date. As argued by the petitioner, ICE has an Intensive Supervision Appearance Program that has been quite successful. *Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017) (observing that ISAP "resulted in a 99% attendance rate at all EOIR hearings and a 95% attendance rate at final hearings").

The Court agrees with the government that its review is limited to the constitutionality of the detention. The Court is concerned with the length of time ICE has

---

[1] The government contends the petitioner has the following criminal convictions:
a. CR 10-8019, for the offense of Steal Money or Goods less than $300, with a sentence of a fine (Filing No.12-1, Kresser Decl. Ex. E, bates stamped pages 6-11);
b. CR 10-16109, for the offense of Theft, shoplifting, with a sentence of a fine (Kresser Decl. Ex. E, bates stamped pages 12-21);
c. CR 10-18508, for the offense of Theft by unlawful taking, with a sentence of a fine (Kresser Decl. Ex. E, bates stamped pages 22-27);
d. CR 10-19931, for the offense of Theft, shoplifting, and Failure to appear or comply with citation, with sentences of fines (Kresser Decl. Ex. E, bates stamped pages 28-40);
e. CR 11-2588, for the offense of Theft by unlawful taking, with a sentence of 90 days in jail (Kresser Decl. Ex E, bates stamped pages 41-61);
f. CR 11-10126, for the offense of Theft by Shoplifting, with a sentence of 100 days in jail (Kresser Decl. Ex. E, bates stamped pages 62-90); and
g. CR 11-1096, for the offenses of Count I. Attempted Theft by Unlawful Taking with a sentence of 150 days, and Count II, Attempted Theft by Unlawful Taking with a sentence of 150 days, sentences to be served consecutively. (Kresser Decl. Ex. E, bates stamped pages 91-103).
He was also charged with failure to appear on November 5, 2010 and February 3, 2011, but these charges were subsequently dismissed. He failed to appear on November 9, 2010. He was also convicted of obstructing police on October 15, 2012. Subsequent to his October 15, 202, arrests and convicts, he was also arrested for: CR 13-434, for the offenses of Count II, Theft by Receiving Stolen Property, with a sentence of 150 days imprisonment; and Count III, Carrying Concealed Weapon, with a sentence of 360 days imprisonment, sentences to be served consecutive (Kresser Decl. ¶ 21 & Ex. E, bates stamped pages 104-111); and b. CR 16-9492, for the offense of Theft by Shoplifting, with a sentence of 210 days incarceration (Kresser Decl. ¶ 21 & Ex. E, bates stamped pages 112-124). He also failed to appear in Court in 2012, 2015 and 2016, but these charges were dismissed. He failed to appear in 2017. He was charged in 2018 of Attempted Terroristic Threats, a Class IV Felony. He was sentenced to 20 months imprisonment for this conviction.

held petitioner without a bond hearing. The government argues petitioner has a long history of minor offenses followed by thief and burglary with a firearm. However, petitioner has completed the court imposed criminal sentence. Yet, he sits in jail over 18 months awaiting a decision from the immigration appeals court. The Court finds he cannot be kept in jail indefinitely. Further, the Court agrees there will likely be an additional prolonged time period, even after a decision in his case, as the parties have a right to appeal, and the coronavirus pandemic is causing many removals to not occur. *See* 8 U.S.C. § 1231. Accordingly, the Court concludes that a period of time of 18 months with more to come violates the Due Process Clause of the United States Constitution.

**THEREFORE, IT IS ORDERED AS FOLLOWS:**

1. Petitioner's motion for a bond hearing, Filing No. 1, is granted;

2. The Immigration Court, or the Bureau of Immigration Affairs, Immigration and Customs Enforcement or whatever body is deemed to have jurisdiction over bond in this case, shall conduct a bond hearing forthwith to determine whether petitioner should be released on bond;

3. The Court will retain jurisdiction in this case until such time as a hearing is held and a decision made; and

4. In the event no bond hearing is conducted on or before January 4, 2021 the defendant is ordered released from ICE custody.

5. A status hearing is set for 9:00 am, Wednesday, January 6, 2021. The attorneys may appear in person or telephonically.

Dated this 22nd day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge