IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUACHKUOTH WIYUAL THOK,<br><br>Petitioner,<br><br>vs.<br><br>PETER BERG, Minnesota Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; WILLIAM P. BARR, Attorney General, United States; CHAD WOLF, Secretary, Department of Homeland Security; TIMOTHY DUNNING, Sheriff of Douglas County, Nebraska; and ERIC OUELLETTE, Deputy Director, U.S. Immigration & Customs Enforcement;<br><br>Respondents. | **8:20CV478**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the petitioner's writ of habeas corpus, Filing No. 1. Petitioner is currently detained by the United States Immigration and Customs Enforcement (ICE). He has been so detained for over twenty months. Petitioner was admitted in 2009 as a refugee from Sudan. He became a lawful resident on October 15, 2012. He has lived in the United States for most of his life. His entire family is in the United States. His father was killed in South Sudan after fighting in the war. Petitioner was arrested for and convicted of an aggravated felony in the United States. He was sentenced to twenty months. With statutory good time, he completed his sentence in ten

1

months. He has fully completed his jail term for his conviction. He has been in ICE custody since June of 2019. Petitioner alleges violation of the Due Process Clause of the Fifth Amendment and violation of the Eighth Amendment to the United States Constitution.

The immigration judge granted petitioner's application for cancellation of deportation under the Convention against torture. Both parties appealed the ruling to the Board of Immigration Appeals Court. Petitioner's time in detention, he argues, violates the Due Process Clause of the Fifth Amendment, the Eighth Amendment's Excessive Gail Clause, and 8 U.S.C. § 1231.

The immigration judge found Thok was ineligible for asylum because he had been convicted of an aggravated felony. Filing No. 12-1, Kresser Decl. ¶ 39 & Ex. H, Decision pp. 7-10. The immigration judge denied Thok's application for withholding of removal. (Id. Kresser Decl. ¶ 39 & Ex. H, Decision pp. 10-12). The immigration judge denied Thok's application for deferral of removal to Sudan but granted Thok's application for deferral of removal to South Sudan. Both the petitioner and responder have appealed all of these rulings."[1]

This Court held a hearing and determined that petitioner was entitled to a bond hearing. Filing No. 14. No bond had been set and no hearing conducted, until this past week, to determine if petitioner poses a danger or flight risk warranting his continued detention pending those proceedings. A bond hearing of sorts was conducted by the immigration judge. *Id.*, attached Filing A. In a circular reasoned opinion, the immigration judge stated that he does not have jurisdiction to conduct a bond hearing because the

---

[1] The Court set forth the background in this case previously and reiterates it in this Memorandum and Order. Filing No. 14.

Thok was convicted of an aggravated felony, but even if he did have jurisdiction, petitioner is not entitled to bond as he was convicted of an aggravated felony.  *See* 8 U.S.C. § 1226(c).  In addition, on December 23, 2020, the Bureau of Immigration Appeals Court issued an Order reversing the immigration judge.  Filing No. 20-1 at 2.  The appeals court determined that the immigration judge improperly concluded that the petitioner is eligible for deferral of removal under CAT.  The appeals judge also found that petitioner would be removed from the United States.

As a result of this decision by the Immigration Court of Appeals, this Court concludes that this matter is essentially settled on the merits.  However, because of the length of time petitioner has been held since completing his state sentence, and this Court's past experience with inordinate ICE transportation delays, the Court will retain jurisdiction to assure itself that petitioner is timely deported or released from prison.  It has now been nearly two years since his ICE incarceration, nearly twice his aggravated felony incarceration.  Additional undue delay is contrary to fundamental Due Process.

**THEREFORE, IT IS ORDERED THAT:**

1. The Court hereby schedules a status hearing with counsel in this case on Friday, January 22, 2021 at 10:00 am.  Counsel may appear telephonically or in person.

Dated this 11th day of January, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3