IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUACHKUOTH WIYUAL THOK, (A212 056 193);<br><br>Petitioner,<br><br>vs.<br><br>PETER BERG, Minnesota Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; WILLIAM P. BARR, Attorney General, United States; CHAD WOLF, Secretary, Department of Homeland Security; ERIC OUELLETTE, Deputy Director, U.S. Immigration & Customs Enforcement; and MICHAEL MYERS, Director of Corrections;<br><br>Respondents. | 8:20CV478<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241, Filing No. 1. The Court has previously addressed the facts and procedural issues in this case and incorporates those findings herein. *See* Filing Nos. 14 and 22.[1] The Court conducted a hearing in this case on March 22, 2021 to address the removal proceedings. Filing No. 34. The Court gave the parties until March 26, 2021, to file any additional information regarding removal and release. The government has filed a brief in opposition to the petition and an index of supplemental declaration. Filing Nos. 38 and 39.

---

[1] There is also an interlocutory appeal pending in this case. *See* Filing No. 27.

1

The government argues that it has done all the necessary work to deport Mr. Thok. However, it appears that Mr. Thok has not complied with the paperwork requirements. First, Thok has changed his story on his place of birth. He has previously indicated that he was born in Sudan and was a national and citizen of South Sudan. Ex. D, p.4. He also stated his father was Sudanese. Ex. D, P. 1. *See* also Filing No. 38-1, Kresser 2d Supp. Decl. Ex. O at Page ID #236; Filing No. 38-1, Kresser 2d Supp. Decl. Ex. N. He further stated that his father and uncles were killed in South Sudan in 2000, so his mother took them to a refugee camp in Ethiopia. Thereafter, Immigration Judge Morrisey entered an order and found that Thok is a native of Sudan and is a citizen of South Sudan and this finding was also agreed to by the Board of Immigration Appeals. Filing No. 20-1, at 140. Thok testified he is from the Nuer tribe, he was born in Nasir, in what is now South Sudan. His mother testified that she and her husband's entire family are of the Nuer tribe and she is from Nasir in South Sudan. His Mother also testified that she fled with her children to Ethiopia. The BIA adopted these findings, stating that Thok was born in the area of South Sudan.

Second, on January 11, 2021, Deportation Officer ("DO") Kalob Kresser sent Thok several documents to the Douglas County Department of Corrections ("DCDC"), where Thok is detained by ICE. Thok was asked to fill out and sign these travel documents so he could be removed to South Sudan. Ten days later Kresser had not received the documents and contacted Thok. Thok indicated he lost the applications and to send them to his attorney in the future. He then asked if he could go to Ethiopia. Kresser called Thok's attorney who indicated she knew that they had to cooperate fully.

On January 22, 2021, a second set of documents was sent to Thok by certified mail. In addition, the second set was also sent to his attorney. Douglas County Department of Corrections (DCDC) received the documents on January 25, 2021. On February 8, 2021, the travel documents had not been returned by either Thok or his attorney. Thok apparently refused to sign the forms.

Kresser then gave the documents to Thok for both South Sudan and for Ethiopia. While talking to Thok, Thok tore up the travel documents and threw them at Kresser. On his way out of the interview room, Thok said something along the lines of "if you ever come back in here, I'm going to. . ." and then he stopped. Filing No. 38-1, Kresser 2d Supp. Decl. ¶ 8 & Ex. R. Counsel for Thok then notified Kresser that she was attempting to complete the documents and would have them to Kresser within 30 days of January 22, 2021. Filing No. 38-1, Kresser 2d Supp. Decl. ¶ 9. These documents are only 1-2 pages in length.

On February 12, 2021, Darrell Woods, Deputy Field Office Director for ICE/ERO[2] issued a "Notice of Failure to Comply Pursuant to 8 CFR § 241.4(g)" to Thok. On February 17, 2021, ERO received the travel document applications from Thok/counsel. However, the application for Ethiopia was missing Thok's signature, and there was no travel document application for South Sudan. Another application for South Sudan was sent to counsel. On his applications, received by the ERO on March 10, 2021, Thok wrote that he and his father were both born in Ethiopia. This was the first time Kresser was aware of the birth claim by Thok as to Ethiopia, and not South Sudan. These statements are inconsistent with his prior statements to ICE and his testimony at the immigration

---

[2] Enforcement and Removal Operations.

3

hearing. On March 18, 2021, Kresser tried to verify the information via a sworn statement. Thok came to the ERO offices for an interview, and his attorney participated by phone. He received *Miranda* warnings. He claimed his birthplace was Ethiopia. He was asked about his previous statements regarding his birthplace and indicated he did not know. His counsel then advised him not to answer additional questions. A second notice of failure to comply was issued. These notices indicated that Thok's detention will continue and his removal period is extended, and it would continue that way until he makes reasonable efforts to comply with the order of removal.

The government further offers that ICE removed individuals to South Sudan and Ethiopia in January 2021, as well as removed individuals in March 2021 to Romania, Thailand, Iraq, Congo, Canada, Chile and the United Kingdom. Filing No. 38-1, Kresser Supp. Decl. ¶ 23.

The Court has carefully reviewed these allegations and the supporting declarations. The Court agrees that when an alien is not cooperating with the process of obtaining travel documents the alien will remain in detention. 8 C.F.R. § 241.4(g)(5)(i).[3] An alien's failure to cooperate diminishes any constitutional claim he might have in this regard. *Pelich v. I.N.S.*, 329 F.3d 1057, 1061 (9th Cir. 2003) ("Since Pelich falls within the category of non-cooperative detainee, he cannot legitimately object to his continued detention when that very detention is caused by his own conduct"; *Gael A. O. v. DHS/ICE Office of Chief Counsel*, No. 18-CV-3269 (WMW/TNL), 2019 WL 3325839 at * 4 (D. Minn.

---

[3] "Release will be denied and the alien may remain in detention if the alien fails or refuses to make timely application in good faith for travel documents necessary to the alien's departure or conspires or acts to prevent the alien's removal. The detention provisions of section 241(a)(2) of the Act will continue to apply, including provisions that mandate detention of certain criminal and terrorist aliens." 8 C.F.R. § 242.4(g)(5)(i).

May 13, 2019) (same); In *Akinsehinwa v. Donate*, No. 1:CV-08-00395, 2008 WL 2951072, *4 (M.D. Pa. 2008) (same).

It is clear from the evidence and as outlined above that Thok has failed to comply with the removal requirements. It is also clear that Thok has offered incorrect claims regarding his country of birth. The Court agrees that these actions are an attempt to stop or hinder his removal. Further, the Court finds that this behavior entitles Thok to no further habeas relief at this time. Accordingly, the Court will dismiss the petition for habeas corpus.

THEREFORE, IT IS ORDERED THAT Petitioner's petition for habeas corpus relief pursuant to 28 U.S. § 2241, Filing No. 1, is denied and dismissed.

Dated this 1st day of April, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge